IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  23-CR-6067-FPG

ERIC PASSALACQUA,

        Defendant.

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, that the government hereby adopts all findings of the Presentence Investigation Report (PSR) (Dckt. 17) with respect to sentencing factors in this action.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.

Pursuant to 18 U.S.C. § 2259(b)(2)(B) and the restitution provisions of the plea agreement, the Court must order restitution for the full amount of any identified victim's or victims' compensable losses, but no less than $3,000 per victim.

To date, the government has received seven restitution requests, which have been forwarded to the Court and defense counsel pursuant to a protective order. The restitution requests are summarized in paragraph 73 of the PSR. Based on the number of images the defendant possessed of each victim, the government anticipates that the parties will agree to individual awards of $3,000 per victim for a total of $21,000. The parties will advise the Court

as to a final stipulation with respect to restitution, however, in the event that the defendant objects to a restitution award, the government reserves its right to respond in kind.

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

In reviewing the Section 3553(a) factors, as enumerated in Title 18 of the United States Code, the government respectfully requests the Court particularly consider the need for the sentence to reflect the nature and circumstances of the offense, the seriousness of the offense, the need for deterrence, and the need to protect the public from further crimes. *See* 18 U.S.C. §§ 3553(a)(1) and (a)(2); *United States v. Dorvee*, 616 F.3d 174, 180 (2d Cir. 2010) *quoting United States v. Gall*, 552 U.S. 38, 49-50 (2007); *see also, United States v. Aumais,* 656 F.3d 147, 157 (2d Cir. 2011) (upholding the guideline sentence imposed by the district court, noting that the sentence was based upon an "individualized assessment" of the 3553(a) factors).

The defendant engaged in a years-long pattern of child exploitation in which he received, distributed, possessed, and produced child pornography. The defendant celebrated the sexual abuse of children in online conversations with like-minded pedophiles, in which he exchanged images depicting children being sexually abused and mistreated, often commenting on his own perverse desire to engage in such conduct in real life.

The investigation revealed that the pedophilic "fantasies" the defendant discussed with others were not fantasy at all.  The defendant acted in real life by producing child pornography depicting Minor Victims 1 and 2, who were between the ages of 6 and 8, and with whom the defendant held close relationships.  These images depicted the defendant touching his penis to the children's heads, while they were not looking, or asleep, some of which he distributed to other pedophiles.  Other images depict the defendant putting his penis on one child's pacifier before she put it in her mouth - a fact that the defendant bragged about in his online conversations.  While Victims may not realize now what the defendant did to them, the fact that he distributed some of these images means that their abuse is now memorialized, public, and susceptible to spread.

Minor Victim 1's father submitted a victim impact statement to the Court on her behalf.  The combination of rage, sadness, and truth expressed in that letter is impossible to replicate in a document so sterile as a PSR or sentencing statement.  While words fail to capture the heinous nature of the defendant's acts, Minor Victim 1's father comes close.  He describes the defendant as having the "lowest moral fiber imaginable" and as "the greatest danger and detriment to society."  He states that "it's because of this that [the defendant] must be removed from [society] . . . for as long as possible."

Minor Victim 1's father is right.  Based on the vile facts of this case, the government submits that the Court should impose a significant sentence of imprisonment that will incapacitate the defendant from harming children and deter other pedophiles from engaging in similar conduct.

DATED:	Rochester, New York,
	July 25, 2023

						TRINI E. ROSS
						United States Attorney
						Western District of New York


				BY:	s/KYLE P. ROSSI
					Assistant U.S. Attorney
					U.S. Attorney's Office
					100 State Street, Suite 500
					Rochester, New York 14614
					(585) 263-6760

TO:	Steven Slawinski, Esq.
	Jessica Rider, U.S.P.O.

4